IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERNON E. MCGINNIS, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:21-cv-32 |
| | ) | |
| v. | ) | Judge William S. Stickman |
| | ) | Magistrate Judge Patricia L. Dodge |
| SUPT. OBERLANDER, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

Pending before the Court is the petition for a writ of habeas corpus (ECF No. 1) filed by Petitioner Vernon E. McGinnis, Jr. pursuant to 28 U.S.C. § 2254. It is respectfully recommended that the Court dismiss the petition prior to service for lack of jurisdiction and deny a certificate of appealability. *See* Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts (federal district courts have a pre-service duty to screen and summarily dismiss habeas petitions that plainly show the petitioner is not entitled to relief).

**II.     REPORT**

On April 9, 1997, Petitioner appeared before the Court of Common Pleas of Armstrong County at criminal case number CP-03-CR-547-1996 and pleaded guilty to the charge of first-degree murder for the fatal shooting of Edward Galvenek. On that same date, that court sentenced him to a term of life imprisonment. Attorney Dennis Zawacki represented Petitioner in his criminal case. ECF No. 1; *see also McGinnis v. Shannon*, No. 2:05-cv-659, 2020 WL 590111, *1 (W.D. Pa. Jan. 14, 2020), report and recommendation adopted by 2020 WL 588906 (W.D. Pa. Feb. 6, 2020).

In May 2005, Petitioner filed with this Court his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged the judgment of sentence imposed by the Court of Common Pleas of Armstrong County in his criminal case at CP-03-CR-547-1996. That case was docketed as *McGinnis v. Shannon, et al.*, No. 2:05-cv-659 (W.D. Pa.). McGinnis claimed that he was entitled to federal habeas relief because his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966) were violated at the time of his arrest and questioning by the police, during which he confessed to killing Mr. Galvenek. *See McGinnis*, No. 2:05-cv-659, 2020 WL 590111 at *1.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires, in relevant part, that a state prisoner must file his federal habeas claims within one year of the date his judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A). In June 2005, this Court dismissed Petitioner's first habeas petition as time-barred under AEDPA's one-year statute of limitations. The Court of Appeals denied Petitioner's subsequent application for a certificate of appealability, noting that Petitioner filed his habeas petition more than seven years beyond AEDPA's one-year deadline. *See* ECF Nos. 5, 7, 13 in *McGinnis*, No. 2:05-cv-659.

In 2019, Petitioner filed a motion (the "2019 motion") with this Court in which he sought to re-open his first federal habeas case by filing what he asserted was a motion under Federal Rule of Civil Procedure 60(b)(6). *See* ECF Nos. 14, 15 in *McGinnis*, No. 2:05-cv-659. In the 2019 motion, Petitioner cited to a letter that Mr. Zawacki wrote to his grandfather on March 11, 1997 and asserted that it was newly-discovered evidence of his innocence that provided him with what is commonly referred to as a "gateway" through which he can litigate otherwise procedurally defaulted and/or time-barred federal habeas claims. *Schlup v. Delo*, 513 U.S. 298 (1995) (showing of actual innocence enables a habeas petitioner to litigate procedural defaulted claims); *McQuiggin v. Perkin*, 569 U.S. 383 (2013) (extending the holding in *Schlup* to cases in which a petitioner's

2

claims are time-barred under AEDPA's state of limitations). Petitioner also listed six claims of ineffective assistance of counsel that he wanted to litigate before this Court, all of which faulted Mr. Zawacki's failure to investigate evidence pertaining to the shooting of Mr. Galvenek *See McGinnis*, No. 2:05-cv-659, 2020 WL 590111 at *2-3.

AEDPA, codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a "second or successive habeas corpus application," he or she must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).[1] *See, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007); *Benchoff v. Colleran*, 404 F.3d 812, 815 (3d Cir. 2005); BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 11:8, Westlaw (database updated May 2020).[2]

---

[1] A court of appeals may grant a state prisoner's application only if he or she make a *prima facie* showing that: (1) the claim presented in the application was not presented in his or her prior habeas case, 28 U.S.C. § 2244(b)(1); and (2) the claim he or she seeks permission to litigate "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[,]" *id.* § 2244(b)(2)(A), or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense[,]" *id.* § 2244(b)(2)(B).

[2] A petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion. FEDERAL HABEAS MANUAL § 11:42 (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

This Court determined that Petitioner's 2019 motion was in actuality a second or successive habeas petition and, therefore, it dismissed the motion for lack of jurisdiction.[3] *See* ECF Nos. 16, 18 in *McGinnis*, No. 2:05-cv-659; *see also McGinnis*, No. 2:05-cv-659, 2020 WL 590111 at *3-6. Petitioner did not appeal this Court's decision.

A review of the Court of Appeals' docket establishes that Petitioner has not received authorization to file a second or successive petition. Nevertheless, Petitioner recently commenced this second federal habeas action by filing the instant petition for a writ of habeas corpus with this Court. In it, Petitioner once again challenges the judgment of sentence imposed upon him by the Court of Common Pleas of Armstrong County at criminal docket number CP-03-CR-547-1996. He claims that Mr. Zawacki was ineffective because he allegedly advised him that if he pleaded guilty he would be released within ten years. (ECF No. 1 at 5.) Petitioner also attaches the March 11, 1997 letter from Mr. Zawacki to his grandfather and once again argues that it is newly-discovered evidence that provides him with a "gateway" through which he can litigate otherwise procedurally defaulted and/or time-barred federal habeas claims. (*Id.* at 20-25.)

This Court lacks jurisdiction over the instant petition for the same reason it lacked jurisdiction over the 2019 motion—it is clearly a second or successive habeas petition. Because Petitioner has not received authorization from the Court of Appeals to file the instant petition, the Court must dismiss it for lack of jurisdiction. Jurists of reason would not find that holding to be debatable and, therefore, the Court should deny a certificate of appealability.[4]

---

[3] This Court further held that to the extent any part of Petitioner's 2019 motion could be construed as a true Rule 60(b) motion, Petitioner did not demonstrate that there were extraordinary circumstances justifying the reopening of the final judgment entered in his first habeas case in 2005.

[4] AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. *See* 28 U.S.C. § 2253. "When the
*Footnote continued on next page…*

### III.     CONCLUSION

Based upon the forgoing, it is respectfully recommended that the Court dismiss the petition for lack of jurisdiction because it is a second or successive petition and deny a certificate of appealability. Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation.


Date:  April 29, 2021

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

Notice by first class mail to all of the following:

Vernon E. McGinnis, Jr.
DG2841
SCI Forest
P.O. Box 307
286 Woodland Drive
Marienville, PA 1623

Superintendent Derek Oberlander
SCI Forest
P.O. Box 307
286 Woodland Drive
Marienville, PA 16239

Pennsylvania Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

District Attorney Katie M. Charlton, Esq.
Armstrong County Courthouse
500 E. Market Street
Suite 343
Kittanning, PA 16201

---

district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).